## JAMES HOBBS v. CITY OF PAWHUSKA.

No. A-2883—Opinion Filed Feb. 21, 1920.

(187 Pac. 258.)

(Syllabus.)

**INTOXICATING LIQUORS—Keeping Tippling House—Sufficiency of Evidence.** The entire record carefully considered, and the evidence found to sufficiently sustain the verdict rendered, and the trial of the case free from prejudicial error.

*Appeal from County Court, Osage County;*
*Paul B. Mason, Judge.*

James Hobbs was convicted of violating an ordinance of the city of Pawhuska, prohibiting the keeping of a tippling shop, as defined by said ordinance, and he appeals. Affirmed.

*Robert S. Stuart,* for plaintiff in error.

*R. B. Boone,* for defendant in error.

ARMSTRONG, J. This prosecution was instituted against the plaintiff in error, James Hobbs, hereinafter called defendant, in the police court of the city of Pawhuska, for the violation of an ordinance prohibiting the keeping of a tippling house, which is defined in said ordinance as follows:

"A tippling shop is hereby defined to be a room, building, tent, street, cab, vehicle, automobile, or any place where intoxicating liquors of any kind, character or description, are manufactured, sold, bartered, or given away," etc.

The same section further says:

"Intoxicating liquors as used in this ordinance are hereby defined to include any spirituous, malt, vinous, fermented, or other intoxicating liquors, including what is known as ginger, hard cider, bitters, patent medicines, containing more than two per cent. alcohol or any other liquid or solid that will produce or cause intoxication."

The defendant was convicted in the police court, fined $15 and costs, and from the conviction took an appeal to the county court of Osage county, where he was tried *de novo*, again convicted and fined $15 and costs.

We deem it unnecessary to cite the voluminous evidence, most of which was incompetent, and, had it been objected to, should have been excluded. We think it sufficient to say that the defendant testified that he was engaged in the grocery business in the city of Pawhuska, and purchased and had in his place of business one-half of a gross of bottles of Jamaica ginger, that he took much of the Jamaica ginger as a medicine, sold about a dozen bottles of it, and gave away other bottles. Some of the bottles of Jamaica ginger taken from the store of the defendant by the officers, which the labels thereon stated contained 90 per cent. of alcohol, were put in evidence by the state.

Upon the conclusion of the evidence for the city, the defendant requested the court to direct the jury to acquit the defendant, which the court refused to do, and the defendant excepted.

There is only one material contention insisted upon in defendant's brief, which is that the evidence is insufficient to support the verdict of the jury. This contention is without merit, as the evidence of the defendant shows his guilt as charged beyond a reasonable doubt, and we

are at a loss to understand why this appeal should have been taken.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.